# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBYN PRANGNER,<br>    *Plaintiff*, | § § § | |
| v. | § § | **CIVIL ACTION NO. H-21-3406** |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL.,<br>    *Defendants*. | § § § § | |
| TARA GROGAN,<br>    *Plaintiff*, | § § § | |
| v. | § § | **CIVIL ACTION NO. H-21-3618** |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL.,<br>    *Defendants*. | § § § § | |
| LEROY NELSON,<br>    *Plaintiff*, | § § § | |
| v. | § § | **CIVIL ACTION NO. H-21-3707** |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL.,<br>    *Defendants*. | § § § § | |
| TRENICE M. REED, ET AL.,<br>    *Plaintiffs*, | § § § | |
| v. | § § | **CIVIL ACTION NO. H-21-3713** |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL.,<br>    *Defendants*. | § § § § | |
| KATHERINE PLEMMONS,<br>    *Plaintiff*, | § § § | |
| v. | § § | **CIVIL ACTION NO. H-21-4116** |
| EK REAL ESTATE SERVICES OF NY LLC, ET AL.,<br>    *Defendants*. | § § § § | |

| | | |
|---|---|---|
| **JAMES WHITMORE, ET AL.,**<br>    *Plaintiffs,*<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-371** |
| **GENEVA SHAPIRO,**<br>    *Plaintiff,*<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-558** |
| **ADRA MAXWELL-FLOWERS, ET AL.,**<br>    *Plaintiffs,*<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-994** |
| **LISA ALBARADO,**<br>    *Plaintiff,*<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1229** |
| **CHARLES ROGHOLT,**<br>    *Plaintiff,*<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1233** |

| | | |
|---|---|---|
| **OLUFISAYO JEJELOWO,**<br>    *Plaintiff*,<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1414** |
| **ANTOINETTE SHELL,**<br>    *Plaintiff*,<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1464** |
| **JIMMY DAVIS,**<br>    *Plaintiff*,<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1468** |
| **JOSE REYES AND RHONDA REYES,**<br>    *Plaintiffs*,<br><br>v.<br><br>**EK REAL ESTATE SERVICES OF NY LLC, ET AL.,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. H-22-1469** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OMNIBUS OBJECTIONS TO MEMORANDA AND ORDERS OF THE MAGISTRATE JUDGE COMPELLING ARBITRATION**

Defendants EK Real Estate Services of NY, LLC, and EasyKnock, Inc. (collectively, "EasyKnock") submit this response to the Omnibus Objections to Memoranda and Orders[1] of the Magistrate Judge Compelling Arbitration ("Objections") filed by Plaintiffs in the above-captioned cases.[2]

## I.   INTRODUCTION

The Order is correct and resulted from a thorough analysis of the issues. After thoroughly considering the record, Judge Bray ruled that: (1) there is a valid arbitration agreement under Texas law; (2) by incorporating the AAA Rules, the parties delegated arbitrability to the arbitrator, meaning an arbitrator—not a court—must decide threshold arguments about arbitration; and (3) Plaintiffs' unconscionability arguments do not prevent arbitration. *See, e.g.*, *Nelson*, H-21-3707 (Dkt. 82) at 9-10.[3] The facts and law support each conclusion. This is evident from not just Judge Bray's Order—but also those of other judges across Texas, each of whom came to the same conclusion.

Plaintiffs assail the Order on several grounds that superficially attempt to assign "clear" error where none exists. Chiefly, Plaintiffs seek to avoid delegation by relying on the Truth in Lending Act ("TILA"), but their arguments find no support in TILA's text or applicable precedent.

---

[1] The Orders are docketed as *Nelson*, H-21-3707 (Dkt. 82); *Pranger*, H-21-3406 (Dkt. 74); *Grogan*, H-21-3618 (Dkt. 73); *Reed*, H-21-3713 (Dkt. 80); *Plemmons*, H-21-4116 (Dkt. 65); *Whitmore*, H-22-350 (Dkt. 55); *Shapiro*, H-22-558 (Dkt. 58); *Maxwell-Flowers*, H-22-994 (Dkt. 52); *Albarado*, H-221229 (Dkt. 57); *Rogholt*, H-22-1233 (Dkt. 62); *Jejelowo*, H-22-1414 (Dkt. 49); *Shell*, H-22-1464 (Dkt. 49); *Davis*, H-22-1468 (Dkt. 48); and *Reyes*, H-22-1469 (Dkt. 46).

[2] These cases are administratively closed. And as Judge Bray noted in the Memoranda and Orders ("Order"), the Court resolved these motions by an order, not a report and recommendation. *See, e.g.*, *Nelson*, H-21-03707 (Dkt. 82) at 1 n.1. Although the Court has not ordered Defendants to file a response to Plaintiffs' Objections, Defendants submit this response out of an abundance of caution, pursuant to the deadline set forth in L.R. 7.3.

[3] Unless otherwise stated, all citations to the Order, the Objections, and Docket entries in this response refer to the docket in *Nelson*.

The Order correctly recognizes that nothing in TILA bars the delegation of questions of arbitrability. Order at 12. This conclusion aligns with caselaw construing TILA, including recent decisions from the Eleventh Circuit and courts across Texas.[4] As Judge Bray noted, "[i]mportantly, no district court has denied a motion to compel arbitration on the claims asserted against the EasyKnock Defendants in favor of proceeding on the merits in the court case." *Id.* at 7-8.[5]

Plaintiffs' efforts to avoid delegation based on principles of waiver are also misguided. Defendants' concession—in response to Plaintiffs' request—to conduct arbitration under the AAA Consumer Rules in a location convenient for Plaintiffs is neither a "substantial invocation of the judicial process," nor a waiver of any contractual rights.

Lastly, Plaintiffs raise additional objections in *Albarado*, *Whitmore*, *Reed*, *Davis*, and *Reyes*, arguing that the arbitration clause did not survive termination of the Lease. Objections at 10-11. This argument is without merit and defies settled legal principles. *See infra* Part II.E.

For all these reasons, the Court should overrule the Objections and allow this matter to proceed to arbitration.

---

[4] *See Attix v. Carrington Mortg. Servs.*, 35 F.4th 1284 (11th Cir. 2022); *Sparrow v. EK Real Est. Servs. of NY, LLC*, Cause No. 4:22-CV-00046-SDJ-CAN (E.D. Tex. Feb. 9, 2023); *Smith v. EK Real Est. Servs. of NY, LLC*, Cause No. 3:22-CV-0418-C (N.D. Tex. Feb. 6, 2023); *Owen v. EK Real Est. Servs. of NY, LLC*, Cause No. 3:22-CV-00250-C (N.D. Tex. Feb. 6, 2023); *Sitzman v. EK Real Est. Servs. of NY, LLC,* Cause No. 3:21-CV-2666-E, 2022 WL 17853214 (N.D. Tex. Dec. 21, 2022); *Baskin v. EK Real Est. Servs. of NY, LLC,* No. 4:22-CV-00046-SDJ-CAN, 2022 WL 17742738 (E.D. Tex. Sept. 14, 2022); *Chlarson v. EK Real Est. Servs. of NY, LLC*, Cause No. 5:21-CV-01046-XR, 2022 WL 2392648 (W.D. Tex. July 1, 2022).

[5] Plaintiffs continued reliance on *Jackson v. EK Real Estate Services of NY, LLC*, No. 4:20-CV-3867 (S.D. Tex. Apr. 27, 2021) is misplaced. As Judge Bray noted, "In [*Jackson*], one of the earliest filed cases, the court initially denied the motion to compel arbitration without having the benefit of arguments on the application of the delegation clause. A month later, the court vacated its memorandum and opinion at the request of the parties in order to facilitate settlement." Order at 8 n.2.

## II. ARGUMENT

**A.     The parties clearly and unmistakably delegated arbitrability.**

There is no dispute about the formation of the parties' contractual agreement to arbitrate and delegate. Plaintiffs do not challenge the existence of a delegation clause based on the contract's incorporation of the AAA Rules. Nor could they. For at least a decade, the Fifth Circuit has uniformly held that "an arbitration agreement that incorporates the AAA Rules 'presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability'" because those rules give the arbitrator power to determine his or her jurisdiction. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279 (5th Cir. 2019) (quoting *Petrofac, Inc. v. DynMcDermott Petrol. Opers. Co.*, 687 F.3d 671, 675 (5th Cir. 2012)). It is also clear that a motion to compel arbitration should be granted in almost all cases when there is a delegation clause. *See, e.g.*, *Vuoncino v. Forterra, Inc.*, No. 3:21-cv-1046, 2022 WL 868274, at *4 (N.D. Tex. Feb. 28, 2022) (citing *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201-02 (5th Cir. 2016)); *see also Matter of Willis*, 944 F.3d 577, 579 (5th Cir. 2019) (citing *Kubala*). Even so, Plaintiffs dispute whether the agreement here is enforceable. Judge Bray correctly held it is.

**B.     TILA does not preclude enforcement of the delegation clause.**

Plaintiffs assert that "[t]he Court should determine whether TILA preempts arbitration and delegation of gateway issues[.]" Objections at 1. But nothing in TILA "divests the arbitrator of his or her power to decide" his or her own jurisdiction, as the Eleventh Circuit recently held based on a cogent, extensive analysis that is directly on point here. *See Attix*, 35 F.4th at 1308.

> 1. **Plaintiffs' arguments based on *New Prime v. Oliveira* are flawed and irrelevant.**

Before addressing *Attix*, Plaintiffs' Objections detour to invoke the Supreme Court's decision in *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019). *See* Objections at 3-6. But nothing in *New Prime* supports Plaintiffs' argument, nor does Fifth Circuit caselaw. Reading *New Prime* as broadly as Plaintiffs urge would conflict with at least two other circuit court opinions, including the post-*New Prime* decision in *Attix* that squarely held TILA does not bar the delegation of arbitrability questions.

*New Prime* recognized a narrow exception to the enforcement of a delegation clause for "disputes involving the 'contracts of employment' of certain transportation workers." *New Prime*, 139 S. Ct. at 536. Neither *New Prime*'s holding nor its analysis extend beyond the "antecedent statutory inquiry" of whether a contract falls within this narrow exception. *Id*. As the Fifth Circuit has observed, *New Prime* "decided only that a court should decide for itself whether the Federal Arbitration Act's contracts of employment exclusion applies before ordering arbitration." *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 515 n.4 (5th Cir. 2019) (cleaned up). Here, no contracts of employment are at issue, so there is nothing for a court to decide under *New Prime*.

The Ninth Circuit likewise recently refused to interpret *New Prime* as broadly as Plaintiffs seek. *See Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1033-34 (9th Cir. 2022) ("The Nation responds that, under *New Prime Inc. v. Oliveira*, a delegation clause can never prevent a court from determining whether a statute precludes arbitration. We disagree." (internal citation omitted)). Further, if Plaintiffs were right, *Attix* would be inexplicable. As detailed below, *Attix* is directly on-point because it addresses the same question presented here: whether, when there is a delegation clause, a court or an arbitrator decides whether TILA prohibits arbitration. *See* 35 F.4th at 1293-1310. *Attix* holds that TILA does not prevent delegating arbitrability. *Id.* at 1308. And

*Attix* twice cited *New Prime*—without questioning whether it precludes delegation based on plaintiff's invocation of TILA. *See id.* at 1295, 1303.

Even if Plaintiffs' interpretation of *New Prime* were correct, their arguments against arbitrability still fail for an independent reason: Plaintiffs' claim that TILA bars arbitration depends on recharacterizing the *entire transaction* as a mortgage. They acknowledge that they are asking the Court "to determine [] the nature of the transaction." Objections at 7. This confirms that their challenge concerns the *contract as a whole*—and such a challenge is a matter an arbitrator must decide under settled Supreme Court precedent. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-45 (2006); *id*. at 449 ("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); *Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 402-04 (1967) (FAA "does not permit the federal court to consider" challenges against "the contract generally"). These holdings are unaffected by *New Prime*.

  **2.   Judge Bray properly considered the Eleventh Circuit's instructive interpretation of TILA in *Attix*.**

Plaintiffs next contend that Judge Bray should not have considered *Attix* because it construed § 1639c(e)(3) of TILA, whereas Plaintiffs are allegedly relying on § 1639c(e)(1)—even though they relied on both subsections in earlier briefing.[6] But as other courts have correctly recognized, "nothing in the TILA provisions invoked here—either § 1639c(e)(1) or (e)(3)—bars the delegation of questions of arbitrability." *Chlarson v. EK Real Est. Servs. of NY, LLC*, 2022 WL 2392648, at *7 (W.D. Tex. July 1, 2022); *see also Baskin v. EK Real Est. Servs. of NY, LLC*, 2022 WL 17742738, at *10 (E.D. Tex. Sept. 14, 2022). Both provisions in TILA are equally and

---

[6] *See, e.g.*, Dkt. 64 at 19-20 (invoking both provisions).

completely silent about the ability to delegate a dispute over TILA's application. *Id*. This is apparent from a full reading of § 1639c(e)(1):

> No residential mortgage loan and no extension of credit under an open end consumer credit plan secured by the principal dwelling of the consumer may include terms which require arbitration or any other nonjudicial procedure as the method for resolving any controversy or settling any claims arising out of the transaction.

*Id*. Before applying this provision to bar any "nonjudicial procedure" to resolve "any controversy," as Plaintiffs' request, it is first necessary to determine whether the transaction is a "residential mortgage loan" or an extension of credit "secured by the principal dwelling of the consumer." *Id*. Nothing in TILA prevents an arbitrator from making this determination.[7]

As *Attix* explains, TILA bars arbitration "in contracts that fall into a particular bucket"—namely, "the 'mortgage-related contracts between consumers and creditors' bucket." 35 F.4th at 1308. TILA does not "bar an arbitrator from deciding whether a given contract falls into that bucket to begin with." *Id*.[8]

### 3. The vacated decision in *Jackson* is no basis to deny arbitration here.

Plaintiffs object that the Order "declined to rely on" the vacated opinion in *Jackson v. EK Real Estate Services of NY, LLC*, 2021 WL 3831990, at *5 (S.D. Tex. Mar. 26, 2011), *vacated*, 2021 WL 1658571 (S.D. Tex. Apr. 27, 2021). Objections at 8. Judge Bray correctly recognized

---

[7] Plaintiffs boldly assert that, in *Attix*, "delegation likely would have been prohibited by TILA" if § 1639c(e)(1) had been analyzed. Objections at 8. No part of *Attix*'s text or reasoning supports this claim. Neither a footnote observing that § 1639c(e)(1) was not at issue, nor any other aspect of *Attix*, suggests that the Eleventh Circuit would have reached the opposite conclusion under (e)(1). *See* 35 F.4th at 1292 n.4. Like subsection (e)(3), subsection (e)(1) is "silent as to who may decide whether a particular contract falls within the scope of its protections." *Id.* at 1308 (referring to (e)(3)).

[8] Other statutory examples reinforce this point. *See, e.g.*, 9 U.S.C. § 402 (amending the FAA to prohibit arbitration of sexual harassment claims *and* stating that the applicability of the provision must be determined by a court). TILA lacks any similar language in any provision.

*Jackson* has no precedential value, and "the *Jackson* court did not consider the delegation clause because Defendants did not raise it, and the court later vacated its opinion." Order at 8 n.2.[9]

### C. EasyKnock did not waive enforcement of the delegation of arbitrability.

EasyKnock did not forfeit or waive the right to enforce the delegation clause. *See* Objections at 12-14. Plaintiffs argue that Defendants waived the delegation clause by agreeing to arbitrate under the AAA Consumer Rules, rather than the AAA Commercial Rules. *Id.* But Plaintiffs fail to point to any case where submitting to arbitration under the AAA Consumer Rules rather than the AAA Commercial Rules was found to constitute waiver, and Plaintiffs have no support for the proposition that waiver occurred here. Defendants agreed to arbitrate under the AAA Consumer Rules *in furtherance of* exercising their right to arbitrate while allowing Plaintiffs' arbitration costs to be capped. *See* Dkt. 57 at 34. Plaintiffs have not shown that Defendants acted to "knowingly relinquish the right to arbitrate by acting inconsistently with that right." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

### D. The arbitration agreement is not unconscionable.

Plaintiffs' arguments about procedural unconscionability ignore that they expressly attacked the "entire atmosphere" of the transaction. *See* Dkt. 64 at 51. Judge Bray was therefore correct to conclude that their arguments "are really questions of unconscionability of the contract as a whole (rather than the delegation clause), which is a question reserved for, or that must be,

---

[9] *See also Baskin*, 2022 WL 17742738, at *3 n.4 ("Moreover, the vacated *Jackson* opinion cannot be relied upon because it is "without precedential value." *Mysaev v. United States Citizenship & Immigr. Servs.*, No. 3:22-cv-0371, 2022 WL 2805398, at *4 (N.D. Tex. July 18, 2022) (citing *Ridley v. McCall*, 496 F.2d 213 (5th Cir. 1974)) ("The Fifth Circuit has held that vacated opinions are generally without precedential value."); *see also Veasey v. Abbott*, 830 F.3d 216, 301 n.36 (5th Cir. 2016) (citing *Asgeirsson v. Abbott*, 696 F.3d 454, 459 (5th Cir. 2012)) ("Vacated opinions have no precedential or persuasive value.")).

presented to the arbitrator." Order at 9-10; *see supra* Part II.B.1 (citing *Buckeye Check Cashing*, 546 U.S. at 444-45, and *Prima Paint*, 388 U.S. 395 at 402-04).

Plaintiffs' substantive unconscionability arguments are also meritless. Plaintiffs object to *any change* in location and the applicable rules for arbitration. Objections at 14-15. But Plaintiffs' own sworn declarations request the relief they now reject—i.e., to arbitrate in Texas under the AAA Consumer Rules. *See, e.g.*, Decl. of Leroy Nelson, 3-Pl.Apx.010 at ¶ 30 ("If arbitration is deemed to be required by the lease that I signed with EK Real Estate Services of NY, LLC, I would request the Court reform the contract so that AAA consumer rules are applied and that the arbitration take place in or in close proximity to Houston, Texas.").

E.     **The arbitration agreement survived termination of the lease agreement.**

The arbitration agreement survived termination of the lease in *Albarado*, *Whitmore*, *Reed*, *Davis*, and *Reyes*. Plaintiffs have no legal support for their counterargument that "the express provision of the Lease is a directly implied negation of survivability of the arbitration clause." Objections at 10. Magistrate Judge Nowak rejected Plaintiffs' position in her report and recommendation addressing the same issue:

> Indeed, absent a showing that the arbitration provision, *itself*, provides that it does not survive termination, numerous courts have found that post-termination, arbitration provisions are still enforceable where it involves "disputes arising under the contract." *Athas Health LLC v. Giuffre*, No. 3:17-cv-300, 2017 WL 8809604, at *4 (N.D. Tex. Oct. 12, 2017) ("Where a contract containing an agreement to arbitrate has expired, the United States Supreme Court has 'found a presumption in favor of postexpiration arbitration of matters unless negated expressly or by clear implications'") (citing *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991), *report and recommendation adopted*, No. 3:17-cv-300, 2018 WL 1026271 (N.D. Tex. Feb. 23, 2018); *see also Fox Bend. Development Assoc., Ltd. v. Ennis*, No. 3:17-cv-3137, 2018 WL 4003311, at *4 (N.D. Tex. Aug. 17, 2018).

*Sparrow*, Cause No. 4:22-CV-00046-SDJ-CAN (E.D. Tex. 2022) (R&R) (Dkt. 53) at 16 (emphasis in original). Plaintiffs here have not shown why this case should be treated differently, nor could they.

## CONCLUSION

Defendants respectfully request that the Court overrule the Objections. Defendants further request all other relief to which they may be entitled.

Dated: March 28, 2023.

Respectfully submitted,

By: */s/ Chris Davis*

| | |
|---|---|
| **GRAY REED** | **HAYNES & BOONE, LLP** |
| Chris Davis (Attorney-in-Charge) | John Turner |
| Texas Bar No. 24050483 | Texas Bar No. 24028085 |
| S.D. ID #3030528 | S.D. ID #29803 |
| Angela L. Brown | 2323 Victory Avenue, Suite 700 |
| Texas Bar No. 24034533 | Dallas, Texas 75219-7673 |
| S.D. ID #2851064 | Telephone: (214) 651-5671 |
| William N. Drabble | Facsimile: (214) 651-5940 |
| Texas Bar No. 24074154 | Email: John.Turner@haynesboone.com |
| S.D. ID #3401168 | |
| London England | **Attorneys for Defendants EK Real Estate Services NY, LLC and EasyKnock, Inc.** |
| Texas Bar No. 24110313 | |
| S.D. ID #24110313 | |
| 1601 Elm Street, Suite 4600 | |
| Dallas, Texas 75201 | |
| Telephone: (214) 954-4135 | |
| Facsimile: (214) 953-1332 | |
| Email: cdavis@grayreed.com | |
|        abrown@grayreed.com | |
|        wdrabble@grayreed.com | |
|        lengland@grayreed.com | |

D. Scott Funk
Texas Bar No. 07550900
S.D. ID #11615
Kristen W. Kelly
Texas Bar No. 24046198
S.D. ID# 690180
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: sfunk@grayreed.com
       kkelley@grayreed.com

**Attorneys for Defendants EK Real Estate Services of NY, LLC and EasyKnock, Inc.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the above and foregoing instrument was electronically filed with the Clerk of court using the CM/ECF system on March 28, 2023, which will send notification to the attorney(s) of record for all parties to this suit.

                                    */s/ Chris Davis*
                                    Chris Davis